```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
MICHAEL WOLFF                                       :
and VICTORIA WOLFF,
                                                    :
              Plaintiffs,
                                                    :     20 Civ. 03651 (ER)
       -against-
                                                    :
DAVID W. GLENN and
ANGELA GLENN,                                       :

              Defendants,                           :

       -and-                                        :

DAVID W. SHIPPER, ESQ.,                             :
as ESCROWEE,
                                                    :
              Relief Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
```

## ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIMS

Plaintiffs Michael Wolff and Victoria Wolff ("Plaintiffs"), by and through their undersigned counsel, answer the Counterclaims ("Counterclaims") filed by Defendants David W. Glenn and Angela Glenn ("Defendants") as follows:

### PRELIMINARY STATEMENT[1]

1. Deny the allegations contained in paragraph 1 of the Counterclaims.

2. Deny the allegations contained in paragraph 2 of the Counterclaims, except admit that Defendants purport to proceed as such.

---

[1] References herein to the heading points contained in the Counterclaims are for reference only and shall not be deemed an admission of any fact or conclusion of law by Plaintiffs.

## The Parties

3. Admit the allegations contained in paragraph 3 of the Counterclaims.

4. Deny knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Counterclaims.

## Jurisdiction and Venue

5. Admit the allegations contained in paragraph 5 of the Counterclaims.

6. Admit the allegations contained in paragraph 6 of the Counterclaims.

## Facts

7. Admit the allegations contained in paragraph 7 of the Counterclaims.

8. Deny knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Counterclaims.

9. Deny knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Counterclaims.

10. Deny the allegations contained in paragraph 10 of the Counterclaims, except admit that the Contract price of the Apartment was $3,750,000.

11. Deny knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Counterclaims, except admit that the Contract was executed on or about February 24, 2020.

12. Deny the allegations contained in paragraph 12 of the Counterclaims, except aver that the referenced Contract exists and respectfully refer the Court to that Contract for a complete and accurate statement of its contents.

13. Deny the allegations contained in paragraph 13 of the Counterclaims, except aver that the referenced Contract exists and respectfully refer the Court to that Contract for a complete and accurate statement of its contents.

14. Deny the allegations contained in paragraph 14 of the Counterclaims, except aver that the referenced Contract exists and respectfully refer the Court to that Contract for a complete and accurate statement of its contents.

15. Deny the allegations contained in paragraph 15 of the Counterclaims, except aver that the referenced Contract exists and respectfully refer the Court to that Contract for a complete and accurate statement of its contents.

16. Deny the allegations contained in paragraph 16 of the Counterclaims, except aver that the referenced Contract exists and respectfully refer the Court to that Contract for a complete and accurate statement of its contents.

17. Admit the allegations contained in paragraph 17 of the Counterclaims.

18. Deny knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Counterclaims.

19. Deny the allegations contained in paragraph 19 of the Counterclaims, except aver that the referenced Contract exists and respectfully refer the Court to that Contract for a complete and accurate statement of its contents.

20. Deny the allegations contained in paragraph 20 of the Counterclaims, except aver that the referenced Contract exists and respectfully refer the Court to that Contract for a complete and accurate statement of its contents.

21. Deny the allegations contained in paragraph 21 of the Counterclaims, except aver that the referenced Contract exists and respectfully refer the Court to that Contract for a complete and accurate statement of its contents.

22. Deny the allegations contained in paragraph 22 of the Counterclaims, except aver that the referenced Contract exists and respectfully refer the Court to that Contract for a complete and accurate statement of its contents.

23. Deny the allegations contained in paragraph 23 of the Counterclaims, except aver that the referenced Contract exists and respectfully refer the Court to that Contract for a complete and accurate statement of its contents.

24. Deny the allegations contained in paragraph 24 of the Counterclaims, except admit that Plaintiffs' broker did share elements of Plaintiffs' draft Board Package with Defendants on or about March 19, 2020.

25. Deny the allegations contained in paragraph 25 of the Counterclaims, except admit that Plaintiffs' broker did share elements of Plaintiffs' draft Board Package with Defendants on or about March 19, 2020.

26. Deny the allegations contained in paragraph 26 of the Counterclaims, except admit that a phone call occurred between Plaintiffs' broker and Defendants' broker on or about March 23, 2020.

27. Deny the allegations contained in paragraph 27 of the Counterclaims, except admit that a phone call occurred between Plaintiffs' broker and Defendants' broker on or about March 23, 2020.

28. Deny the allegations contained in paragraph 28 of the Counterclaims.

29. Admit the allegations contained in paragraph 29 of the Counterclaims.

30. Deny the allegations contained in paragraph 30 of the Counterclaims, except admit that Plaintiffs provided revised financial projections to Defendants on or about March 25, 2020.

31. Deny the allegations contained in paragraph 31 of the Counterclaims, except admit that Plaintiffs submitted the Board Package to the Board on or about March 27, 2020.

32. Deny the allegations contained in paragraph 32 of the Counterclaims, except aver that the referenced letters exist and respectfully refer the Court to those letters for a complete and accurate statement of their contents.

33. Deny the allegations contained in paragraph 33 of the Counterclaims, except aver that the referenced letters exist and respectfully refer the Court to those letters for a complete and accurate statement of their contents.

34. Deny the allegations contained in paragraph 34 of the Counterclaims, except aver that the referenced letters exist and respectfully refer the Court to those letters for a complete and accurate statement of their contents.

35. Deny the allegations contained in paragraph 35 of the Counterclaims, except aver that the referenced letters exist and respectfully refer the Court to those letters for a complete and accurate statement of their contents.

36. Deny the allegations contained in paragraph 36 of the Counterclaims, except aver that the referenced letter exists and respectfully refer the Court to that letter for a complete and accurate statement of its contents.

37. Deny the allegations contained in paragraph 37 of the Counterclaims, except aver that the referenced letter exists and respectfully refer the Court to that letter for a complete and accurate statement of its contents.

38. Deny the allegations contained in paragraph 38 of the Counterclaims, except aver that the referenced letter exists and respectfully refer the Court to that letter for a complete and accurate statement of its contents.

39. Deny the allegations contained in paragraph 39 of the Counterclaims, except aver that the referenced letters exist and respectfully refer the Court to those letters for a complete and accurate statement of their contents.

40. Admit the allegations in paragraph 40 of the Counterclaims.

## FIRST COUNTERCLAIM
(Declaratory Judgment – Contractual Bad Faith)

41. Answering paragraph 41 of the Counterclaims, repeat and reallege the foregoing responses to the preceding paragraphs of the Counterclaims as if fully set forth herein.

42. Deny the allegations contained in paragraph 42 of the Counterclaims.

43. Deny the allegations contained in paragraph 43 of the Counterclaims.

44. Deny the allegations contained in paragraph 44 of the Counterclaims.

45. Deny the allegations contained in paragraph 45 of the Counterclaims.

46. Deny the allegations contained in paragraph 46 of the Counterclaims.

47. Deny the allegations contained in paragraph 47 of the Counterclaims.

48. Deny the allegations contained in paragraph 48 of the Counterclaims.

## SECOND COUNTERCLAIM
(<u>Declaratory Judgment – Implied Covenant of Good Faith</u>)

49. Answering paragraph 49 of the Counterclaims, repeat and reallege the foregoing responses to the preceding paragraphs of the Counterclaims as if fully set forth herein.

50. Deny the allegations contained in paragraph 50 of the Counterclaims, except aver that the referenced Contract exists and refer to that Contract for a complete and accurate statement of its contents.

51. Deny the allegations contained in paragraph 51 of the Counterclaims, except aver that the referenced Contract exists and refer to that Contract for a complete and accurate statement of its contents.

## PRAYER FOR RELIEF

52. Deny the allegations contained in the unnumbered Prayer for Relief paragraph in the Counterclaims, including sub-parts i-v, except admit that Defendants purport to proceed as such.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Counterclaims are barred by Defendants' breach of contract.

### SECOND AFFIRMATIVE DEFENSE

The Counterclaims are barred by Defendants' breach of the implied covenant of good faith and fair dealing.

### THIRD AFFIRMATIVE DEFENSE

The Counterclaims are barred by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

The Counterclaims are barred by Defendants' failure to act in good faith.

### FIFTH AFFIRMATIVE DEFENSE

The Counterclaims are barred because Defendants have not been damaged and they would be unjustly enriched by keeping the deposit.

### SIXTH AFFIRMATIVE DEFENSE

The Counterclaims are barred because Plaintiffs were required to provide true and accurate information to the Board.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs reserve the right to assert additional affirmative defenses as Defendants' counterclaims are clarified during the course of litigation.

WHEREFORE, Plaintiffs respectfully demand judgment denying the relief sought by Defendants in the Counterclaims, reimbursement for the costs and disbursements of this action, including their attorneys' fees, and for such other and further relief as this Court deems just and equitable.

Dated: New York, New York
       July 9, 2020

                                        PADUANO & WEINTRAUB LLP

                                        By: /s/ Anthony Paduano
                                              Anthony Paduano
                                              Noah H. Bunzl
                                        1251 Avenue of the Americas
                                        New York, New York, 10020
                                        212.785.9100
                                        ap@pwlawyers.com
                                        nhb@pwlawyers.com

                                        Attorneys for Plaintiffs