UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
MICHAEL WOLFF                              :
and VICTORIA WOLFF,

                                           :

          Plaintiffs,

                                           :        20 Civ. 03651 (ER)

     -against-

                                           :

DAVID W. GLENN and
ANGELA GLENN,                              :

          Defendants,                      :

     -and-                                 :

DAVID W. SHIPPER, ESQ.,                    :
as ESCROWEE,

                                           :

          Relief Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## STIPULATION AND PROTECTIVE ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

          This matter having come before the Court by stipulation of Plaintiffs

Michael Wolff and Victoria Wolff ("Plaintiffs") and Defendants David W. Glenn and

Angela Glenn ("Defendants"), for the entry of a protective order limiting the

review, copying, dissemination and filing of confidential and/or proprietary

documents and information to be produced by either party and their respective

counsel or by any non-party in the course of discovery in this matter to the extent

set forth below; and the parties, by, between, and among their respective counsel,

having stipulated and agreed to the terms set forth herein, and good cause having been shown; It is hereby ORDERED that:

1.      This Protective Order is being entered to facilitate the production, exchange, and discovery of documents and information that the parties agree merit confidential treatment (hereinafter the "Documents" or "Testimony").

2.      Either party may designate Documents produced, or Testimony given, in connection with this action as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" as defined herein (collectively, "Confidential Information") either by notation on the document, statement on the record of the deposition, written advice to the respective undersigned counsel for the parties hereto, or by other appropriate means.

3.      As used herein:

(a)     "Confidential Information" designated as "Confidential" shall mean all Documents and Testimony, and all information contained therein, and other information designated as confidential, if such Documents or Testimony contain trade secrets, proprietary business information, competitively sensitive information, journalistic source information, sensitive and undisclosed publishing projects, or other information the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to that party's interests or to the conduct of that party's business. Confidential Information designated as "Highly Confidential – Attorneys' Eyes Only" shall mean all Documents and Testimony, and all

information contained therein, and other information designated as such, if such Documents or Testimony contain competitively or commercially sensitive information the disclosure of which information would, in the good faith opinion of the producing party, adversely affect the producing party's interests or be reasonably likely to cause injury to the producing party and would not otherwise be adequately protected under the procedures set forth herein for Documents and Testimony designated as "Confidential."

(b)     "Producing party" shall mean the parties to this action and any third parties producing "Confidential Information" in connection with depositions, document production or otherwise, or the party asserting the confidentiality privilege, as the case may be.

(c)     "Receiving party" shall mean the party to this action and/or any non-party receiving "Confidential Information" in connection with depositions, document production or otherwise.

4.     The Receiving party may, at any time, notify the Producing party that the Receiving party does not concur in the designation of a document or other material as Confidential Information or "Highly Confidential – Attorney's Eyes Only" Information.  If the Producing party does not agree to declassify such document or material, the Receiving party may move before the Court for an order declassifying those documents or materials.  If no such motion is filed, such documents or materials shall continue to be treated as Confidential Information.  If such motion is filed, the documents or other materials shall be deemed Confidential Information unless and until the Court rules otherwise.  In connection with such motion, the party asserting the confidential, non-public nature of the documents or information (or that the documents or information constitutes a

trade secret) shall have the burden of proving that the documents or information is entitled to the protection sought.

5.     Except with the prior written consent of the Producing party or by Order of the Court, Confidential Information designated as "Confidential" shall not be furnished, shown, or disclosed to any person or entity except to:

(a)     Plaintiffs or Defendants, or their respective personnel actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;

(b)     counsel for the parties to this action and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

(c)     expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 8 hereof;

(d)     the Court and court personnel, if filed in accordance with paragraph 14 hereof;

(e)     an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer, if furnished, shown or disclosed in accordance with paragraph 11 hereof;

(f)     trial and deposition witnesses, if furnished, shown or disclosed in accordance with paragraphs 10 and 11, respectively, hereof; and

(g)     any other person agreed to by the parties.

6.      Except with the prior written consent of the Producing party or by Order of the Court, Confidential Information designated as "Highly Confidential – Attorneys' Eyes Only" shall not be furnished, shown or disclosed to any person or entity except to:

(a)     counsel for the parties to this action and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

(b)     expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 8 hereof;

(c)     the Court and court personnel, if filed in accordance with paragraph 14 hereof;

(d)     an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer, if furnished, shown or disclosed in accordance with paragraph 11 hereof;

(e)     trial and deposition witnesses, if furnished, shown or disclosed in accordance with paragraphs 10 and 11, respectively, hereof; and

(f)     any other person agreed to by the parties

7.     Confidential Information shall be utilized by the Receiving party and its counsel only for purposes of this litigation and for no other purposes.

8.     Before any disclosure of Confidential Information is made to an expert witness or consultant pursuant to paragraph 5(c) or 6(b) hereof, the expert or consultant shall sign a Confidentiality Agreement in the form attached hereto. Counsel for the party obtaining the Confidentiality Agreement shall supply a copy to counsel for the other party.

9.     All depositions shall presumptively be treated as Confidential Information and subject to this Protective Order during the deposition and for a period of thirty (30) days after a transcript of said deposition is received by counsel for each of the parties.  At or before the end of such thirty (30) day period, the deposition shall be classified appropriately.

10.     Should the need arise for any of the parties to disclose Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such party may do so only after taking such steps as the Court, upon motion of the disclosing party, shall deem necessary to preserve the confidentiality of such Confidential Information.

Nothing herein shall prevent the Court's *in camera* review of Confidential Information.

11.     This Protective Order shall not preclude counsel for the parties from using during any deposition in this action any documents or information which have been designated as "Confidential Information" or "Highly Confidential Information" under the terms hereof.  Any court reporter and deposition witness who is given access to Confidential Information shall, prior thereto, be provided with a copy of this Protective Order and shall execute the Confidentiality Agreement annexed hereto.  Counsel for the party obtaining the Confidentiality Agreement shall supply a copy to counsel for the other party.

12.     A party may designate as "Confidential" or "Highly Confidential – Attorney's Eyes Only" subject to this Protective Order any document, information, or deposition testimony produced or given by any non-party to this case, or any portion thereof.  In the case of Documents, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as such at any time within a reasonable time following the discovery that the document or information has been produced without such designation.  In the case of deposition Testimony, designation shall be made by notifying all counsel in writing of those portions which are to be stamped or otherwise treated as such at any time up to thirty (30) days after the transcript is received by counsel for the party asserting the confidentiality privilege.  Prior to

the expiration of such thirty (30) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such deposition testimony shall be treated as Confidential Information.

13.    This Order binds the parties and certain others to treat as "confidential" any Documents and Testimony so classified.  The Court has not, however, made any finding regarding the confidentiality of any such materials, and retains full discretion to determine whether to afford confidential treatment to any materials designated as Confidential Information hereunder.

14.    In filing Confidential Information with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Information ("Confidential Court Submission"), the parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System.  In accordance with the Local Rules and the Court's Individual Practices, the parties shall file an unredacted copy of the Confidential Court Submission under seal, and the parties shall serve opposing counsel with unredacted courtesy copies of the Confidential Court Submission.

15.    All pleadings, briefs or memoranda which reproduce, paraphrase or disclose any documents which have previously been designated by a party as comprising or containing Confidential Information, shall identify such documents by the production number ascribed to them at the time of production.

16.     Any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

17.     Any document or information that may contain Confidential Information that has been inadvertently produced without identification as to its "confidential" nature may be so designated by the party asserting the confidentiality privilege by written notice to the undersigned counsel for the Receiving party identifying the document or information as "confidential" within a reasonable time following the discovery that the document or information has been produced without such designation. No party shall be liable for any disclosure of a document or information not marked as confidential before receiving such notice.

18.     The production or disclosure of Confidential Information shall in no way constitute a waiver of each party's right to object to the production or disclosure of other information in this action or in any other action.

19.     This Protective Order is entered without prejudice to the right of either party to seek relief from, or modification of, this Protective Order or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality.

20.    This Protective Order shall continue to be binding after the conclusion of this litigation except that:

(a)    there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and

(b)    a party may seek the written permission of the Producing party or further order of the Court with respect to dissolution or modification of any part of the Protective Order.  The provisions of this Protective Order shall, absent prior written consent of both parties, continue to be binding after the conclusion of this action.

21.    Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

22.    Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Confidential Information produced or designated and all reproductions thereof, shall be returned to the Producing party or shall be destroyed, at the option of the Producing party.  In the event that any party chooses to destroy physical objects and documents, such party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge.  Notwithstanding anything to the contrary, counsel of record for the parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses,

deposition transcripts and deposition and trial exhibits.  This Protective Order shall not be interpreted in a manner that would violate any applicable cannons of ethics or codes of professional responsibility.  Nothing in this Protective Order shall prohibit or interfere with the ability of counsel for any party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any party or its affiliate(s) in connection with any other matters.

23.    This Protective Order may be changed by further order of this Court, and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

Dated: New York, New York
        October 8, 2020


PADUANO & WEINTRAUB LLP                   OFFIT KURMAN P.A.


    /s/ Noah H. Bunzl                         /s/ Stephen M. Forte
    Anthony Paduano                           Richard G. Menaker
    Noah H. Bunzl                             Stephen M. Forte
*Attorneys for Plaintiffs*                    *Attorneys for Defendants*

1251 Avenue of the Americas               509 Madison Avenue
Ninth Floor                               Sixth Floor
New York, New York 10020                  New York, New York 10022
(212) 785-9100 (ph)                       (212) 545-1900 (ph)
(212) 785-9099 (fax)                      (212) 545-1656 (fax)
ap@pwlawyers.com                          RMenaker@OffitKurman.com
nhb@pwlawyers.com                         StephenForte@OffitKurman.com




SO ORDERED


_____
Hon. Edgar Ramos
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
MICHAEL WOLFF                          :
and VICTORIA WOLFF,
                                       :
            Plaintiffs,
                                       :            20 Civ. 03651 (ER)
            -against-
                                       :
DAVID W. GLENN and
ANGELA GLENN,                          :

            Defendants,                :

            -and-                      :

DAVID W. SHIPPER, ESQ.,                :
as ESCROWEE,
                                       :
            Relief Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## CONFIDENTIALITY AGREEMENT

I, _____, state that:

1.      My address is _____.

2.      My present employer is _____.

3.      My present occupation or job description is
        _____.

4.      I have received a copy of the Stipulation and Protective Order for the
        Production and Exchange of Confidential Information (the "Protective
        Order") entered in the above-entitled action on _____.

5.      I have carefully read and understand the provisions of the Protective Order.

6.      I will comply with all of the provisions of the Protective Order .

7.      I will hold in confidence and I will not disclose any Confidential Information that is disclosed to me to any other person who has not signed this Confidentiality Agreement.

8.      I  will use any Confidential Information that is disclosed to me only for the purposes of this action.

9.      I will return all Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information.

10.     I hereby submit to the jurisdiction of this court pre the purpose of enforcement of the Protective Order in this action.


Dated:  October 8, 2020

_____

EDGARDO RAMOS, U.S.D.J.